393 P.2d 379

STATE of Utah, Plaintiff and Respondent,

v.

Robert D. DELANEY, Defendant and Appellant.

No. 10073.

Supreme Court of Utah.

June 23, 1964.

J. Harlan Burns, Cedar City, for defendant and appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice.

Appeal from a conviction of negligent homicide under 41–6–43.10, Utah Code Annotated 1953, calling for a one year jail sentence and up to $1,000 fine or both and revocation of the driver's license. Affirmed.

The only important point in this case is whether defendant was prejudiced

339

because, at the instance of the State, a view by the jury of the site of the tragedy and the participation of the trial court thereat in asking numerous questions of the prosecution witnesses showed 1) prejudice on the part of the trial judge, and 2) violated the provisions of Title 77–31–26, U.C.A.1953 with respect to review of premises. As to 1): We think defendant's contention without merit since the record shows that the judge showed unusual sympathy for the defendant, an apparent hot-rodder, including the sentencing of defendant to but 60 days, servable on week-ends, which is, in our opinion, extremely lenient if the defendant did what the jury found to be true.

As to 2): The trial court, erroneously perhaps, over-reached the interdictions of Title 77–31–26, U.C.A.1953, by holding court at the scene and taking over examination of witnesses. He had a court reporter present, however.

We do not commend the procedure of the trial court in this case, but we cannot condemn an erroneous but honest effort to seek the truth, unless it leads to prejudicial error. We think there really was no prejudice here. The jury seems to have understood and acted upon the facts in this case, irrespective of the trial court's questioning of witnesses at the scene,—which we conclude may have been improper, but under the particular facts of this case,—not prejudicial.

Ordering a view of the scene of an alleged collision in a crimnal case should mean just that, without taking of evidence, examining or cross-examining witnesses by the court or counsel at the scene, since that is what 77–31–26 says. The only question is whether an infraction of this statute would prejudice a defendant. In most every case it may, but in *this* particular case we conclude that the trial court's departure from the statutory provisions showed neither 1) prejudice nor 2) anything that, lacking such prejudice, could have hurt appellant's defense.

The moral: When a view of the scene is ordered, the trial court should appoint somebody to conduct the jury thereto, and should simply maintain order, but without any further unnecessary participation.

It seems that this case may have been appealed, not because of the penal attributes of 41–6–43.10 generally, but because of subdivision (c) thereof with respect to unqualified revocation of license. No one referred to this subdivision, but we do. In our opinion this subdivision is subject to constitutional problems, since it is unrealistic to think that in what may be a highly doubtful case resolved by a jury, an 18-year-old would forever be precluded from driving, though he might later prove to be a capable, productive and careful member of the community. Of course, this problem is legislative, not judicial.

McDONOUGH, CALLISTER and WADE, JJ., concur.

CROCKETT, J., concurs in the result.